IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| PADEN CLAY, § | |
| (TDCJ No. 1312456) § | |
| VS.  § | CIVIL ACTION NO.4:07-CV-027-Y |
| § | |
| § | |
| RICHARD ALLEY, and § | |
| CHEYENNE MINNICK  § | |

OPINION and ORDER OF DISMISSAL UNDER 28 U.S.C. §§
1915A(B)(1) and UNDER 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii)

This case is before the Court for review of pro-se inmate and plaintiff Paden Clay's case under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). Clay, a prisoner housed at the Texas Department of Criminal Justice's Gib Lewis unit, filed a form civil-rights complaint seeking relief under 42 U.S.C. § 1983 and naming as defendants private attorneys Richard Alley and Cheyenne S. Minick. (Compl. Style; § IV(B).) Clay alleges that these attorneys, and others not named as defendants, provided insufficient counseling to him, and thus misrepresented him at trial and on appeal. (Compl. § V.) Clay seeks declaratory-type relief in that he claims "justice and discipline for attorney's conduct or misrepresentation/insufficient counseling" of him. (Compl. § VI.)

A complaint filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915.[1] Under 28 U.S.C. § 1915(e)(2)(B), a district court retains broad discretion

---

[1] *Neitzke v. Williams*, 490 U.S. 319,328 (1989). Section 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(A) and (B)(West Supp. 2006).

in determining at any time whether an in-forma-pauperis claim should be dismissed.² Furthermore, as a part of the PLRA, Congress enacted 28 U.S.C. § 1915A, which requires the Court to review a complaint from a prisoner seeking relief from a governmental entity or governmental officer or employee as soon as possible after docketing.³  Consistent with § 1915A is prior case law recognizing that a district court is not required to await a responsive pleading to conduct its § 1915 inquiry.⁴ Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory."⁵  After review of the complaint under these standards, the Court concludes that Clay's claims must be dismissed.

In order to assert a claim for violation of federal constitutional rights under 42 U.S.C. § 1983, a plaintiff must set forth facts in support of both of its elements: (1) the  deprivation of a right secured by the Constitution or laws of the United States; and (2) the deprivation was imposed by a person acting under color of law.⁶  Clay has failed to satisfy the second element in the claims made the basis of this suit.  Clay has failed to show that

---

²*See* 28 U.S.C.A. § 1915(e)(2)(West Supp. 2005); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5ᵗʰ Cir. 1996); *see also Wesson v. Oglesby,* 910 F.2d 278, 281 (5th Cir. 1990)(discussing authority to dismiss at any time under prior § 1915(d)).

³*See* 28 U.S.C.A. § 1915A(a)(West Supp. 2005).

⁴*See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995).

⁵*Id., citing Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

⁶*See West v. Atkins,* 487 U.S. 42, 48 (1988)(citing cases); *Resident Council of Allen Parkway Village v. U.S. Department of Housing and Urban Development,* 980 F.2d 1043, 1050 (5ᵗʰ Cir.), *cert. denied,* 510 U.S. 820 (1993).

2

Alley, Minick, or the other referenced private attorneys, acted under color of law. Because an attorney, whether private or appointed, owes his only duty to the client and not to the public or the state, his actions are not chargeable to the state.[7] Although a private individual can be said to act under color of law if he acts in a conspiracy with a state official, Clay has asserted no claim that any of the named persons engaged in a conspiracy with state actors. As Clay has not shown that defendants were acting under color of law, his claim for violation of his constitutional rights asserted through 42 U.S.C. § 1983 must be dismissed under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i) and (ii).

Therefore, Plaintiff's claims are DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915A(b)(1) and alternatively, pursuant to 28 U.S.C.§ 1915(e)(2)(B)(i) and (ii).

SIGNED February 6, 2007.

TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[7]*See Thompson v. Aland*, 639 F.Supp. 724, 728 (N.D. Tex.1986), *citing Polk County v. Dodson*, 454 U.S. 312, 318 (1981); *see also Hudson v. Hughes,* 98 F.3d 868, 873 (5th Cir. 1996); *Pete v. Metcalfe*, 8 F.3d 214, 216-17 (5th Cir. 1993).

3